# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD SPARKS, | ) | 1:05-cv-01645-AWI-TAG HC |
|         Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| P. SCHULTZ, | ) | (Doc. 1) |
|         Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant federal petition on March 30, 2005, in the Sacramento Division of this Court. (Doc. 1). On December 30, 2005, by order of the Magistrate Judge in Sacramento, the case was transferred to the Fresno Division of this Court. (Doc. 4).

The petition and attached documents indicate that in April 1999, Petitioner was convicted in the United States District Court for the Western District of Oklahoma of one count of conspiracy (18 U.S.C. § 371), twenty counts of mail fraud (18 U.S.C. § 1341), two counts of money laundering (18 U.S.C. § 1956), and three counts of engaging in monetary transactions in property derived from specified unlawful activity (18 U.S.C. § 1957) (Doc. 1, p. 3). Petitioner was sentenced to various concurrent terms totaling 135 months. (Id.).

Petitioner appealed the conviction to the Tenth Circuit Court of Appeals, which affirmed the judgment on May 2, 2001. (Id.).

In September 2002, Petitioner filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 in the U.S. District Court for the Western District of Oklahoma. (Id. at p. 4). The motion was subsequently denied by the sentencing court, and was then affirmed by the Tenth Circuit on February 12, 2004 . (Id.).

Petitioner now brings this habeas petition challenging the use of the federal sentencing guidelines to compute Petitioner's sentence in light of the U.S. Supreme Court's rulings in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). (Doc. 1, pp. 5-6). Petitioner specifically contends that certain of the federal sentencing guideline enhancements were never alleged in the criminal indictment nor proven beyond a reasonable doubt at trial and are, therefore, unconstitutional. (Doc. 1, p. 6). Petitioner seeks an order from this Court indicating the appropriate sentence for Petitioner in light of these recent Supreme Court decisions. (Doc. 1, p. 7).

As indicated more fully below, the Court determines that Petitioner's claim challenges his original sentence, and therefore should have been brought in the trial court as a motion pursuant to 28 U.S.C. § 2255. Thus, the Court will recommend that the instant petition be dismissed.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d

175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-479, as amended (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-187 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980).

In this case, Petitioner clearly is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255, not a habeas petition pursuant to § 2241. Petitioner impliedly concedes this fact. Petitioner admits bringing this petition as a § 2241 petition instead of a § 2255, because he has already once sought relief by way of § 2255, and his request to file successive motions under § 2255 was denied by the Tenth Circuit on March 7, 2005, because "Blakely and Booker had not been made retroactive to collateral review by the Supreme Court." (Id. at p. 9). However, a petition contending Petitioner's sentence is invalid is still a § 2255 petition regardless of what Petitioner calls the petition. See Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003); Pirro, 104 F.3d at 299;; Tripati, 843 F.2d at 1162-1163 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir. 1956).

The Ninth Circuit has also provided little guidance on what actually constitutes "inadequate and ineffective" in relation to the savings clause. It has acknowledged that "[other] circuits, however, have held that § 2255 provides an "inadequate or ineffective" remedy (and thus that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed

procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-60, citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In his petition, Petitioner impliedly contends that § 2255 is inadequate and ineffective. Petitioner claims he is foreclosed from raising the instant claims because he has already filed a motion pursuant to § 2255 which was subsequently denied, and permission to file a second motion was denied by the trial court and the Tenth Circuit.  Petitioner suggests, therefore, that no other relief is available to him; implicit in this argument is the contention that Petitioner has not had an unobstructed procedural opportunity to challenge his sentence based on the Supreme Court's decisions in Booker and Blakely.  (Id. at 9).

In Booker, the Supreme Court reaffirmed its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000): "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  Booker, 125 S.Ct. at 756, citing Apprendi, 530 U.S. at 488-490.  Similarly, in Blakely, the Supreme Court applied Apprendi to invalidate a Washington state sentence that was more than three years above the statutory maximum and was supported by facts determined by the trial court and not a jury. Blakely, 542 U.S. at 303-306.  Thus, while Petitioner implicitly argues that his challenge to his sentence is based on a "new" basis for relief established by Booker and Blakely, his challenge is in fact ultimately based on the earlier holding in Apprendi, and Apprendi is not a new rule of constitutional law.  It was decided on June 26, 2000, prior to Petitioner's first § 2255 motion.

Therefore, it is clear Petitioner has not demonstrated that § 2255 provides an "inadequate or ineffective" remedy.  Petitioner alleges that his first § 2255 motion raised ten issues, but he does not state whether he raised his sentence challenges derived from Apprendi to the Tenth Circuit in that first § 2255 motion; nevertheless, it is plain that Petitioner had the opportunity to do so.  If Petitioner did not present his Apprendi challenge to the Tenth Circuit in the first § 2255 motion, only he can be faulted for that failure.  If Petitioner did present his Apprendi challenge

and the Tenth Circuit denied the motion, then Petitioner did have an "unobstructed procedural shot" and used it.

Other than these implicit and conclusory assertions, Petitioner has provided no facts or circumstances establishing that § 2255, in this context, is either inadequate or ineffective. Although Petitioner indicates that he unsuccessfully brought a prior motion pursuant to § 2255 in 2002, the denial of a prior § 2255 motion, as mentioned above, does not render it inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964); Lorentsen, 223 F.3d at 953. Hence, should Petitioner wish to pursue this claim in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

Even if the petition was allowed to pass through the savings clause, it would be without merit because neither Apprendi, see Harris v. United States, 536 U.S. 545, 581 (2002) ("No Court of Appeals, let alone this Court, has held that Apprendi has retroactive effect."); United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002) (the ruling in Apprendi does not apply retroactively to initial petitions for collateral review), nor the Supreme Court's decision in Booker, see United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); Carrington v. U.S., 470 F.3d 920, 923 (9th Cir. 2006); Humphress v. United States, 398 F.3d 855, 860 (6th Cir.2005) (Booker is not retroactive); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.2005) (same); United States v. Price, 400 F.3d 844, 845 (10th Cir.2005) (same); Varela v. United States, 400 F.3d 864, 868 (11th Cir.2005) (per curiam) (same); Guzman v. United States, 404 F.3d 139 (2nd Cir.2005) (same); United States v. Sahlin, 399 F.3d 27 (1st Cir.2005) (Booker provides no basis to vacate the entry of a pre-Booker guilty plea), have been given retroactive application to cases on collateral review. Similarly, the Ninth Circuit has refused to give retroactive effect to Blakely. Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005).

Therefore, the petition should be dismissed.

///

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Western District of Oklahoma. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED because the petition does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 23, 2007**                        /s/ Theresa A. Goldner
**j6eb3d**                                UNITED STATES MAGISTRATE JUDGE