1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10
11

| RONALD SPARKS, | ) | 1:05-cv-01645-AWI-TAG HC |
|---|---|---|
| Petitioner, | ) ) | ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 9) |
| v. | ) ) ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |
| P. SCHULTZ, | ) ) | |
| Respondent. | ) ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

12
13
14
15
16
17
18

        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

19

pursuant to 28 U.S.C. § 2241.

20

        On February 26, 2007, the Magistrate Judge assigned to the case filed a Report and

21

Recommendation recommending that the petition for writ of habeas corpus be DISMISSED because

22

the Petition did not allege grounds that would entitle him to relief under 28 U.S.C. § 2241.  (Doc. 9).

23

The Report and Recommendation was served on all parties and contained notice that any objections

24

were to be filed within thirty days from the date of service of that order.  On March 12, 2007,

25

Petitioner filed objections to the Magistrate Judge's Report and Recommendation.  (Doc. 10).

26

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de*

27

*novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's objections,

28

1   the Court concludes that the Magistrate Judge's Report and Recommendation is supported by the

2   record and proper analysis.  Petitioner's objections present no grounds for questioning the Magistrate

3   Judge's analysis.

4          Petitioner's basic objection concerns the Magistrate Judge's conclusions that Petitioner's

5   claims need to be brought pursuant to 28 U.S.C. § 2255 and not 28 U.S.C. § 2241 and Petitioner has

6   not demonstrated that he falls within the one exception which would allow his claims to be brought

7   under 28 U.S.C. § 2241.   This objection is without merit.  As correctly discussed by the Magistrate

8   Judge, 28 U.S.C. § 2255 provides the exclusive procedure by which a federal prisoner may test the

9   legality of his detention.  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).  "A federal prisoner

10  authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to

11  section 2241."  United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997).  As noted by the Magistrate

12  Judge, there is one exception to this general rule.  Section 2255 provides that while a court normally

13  cannot consider a habeas corpus petition authorized under section 2255 unless it is brought in the

14  sentencing court under section 2255, a petitioner can bring a petition under section 2241 if the

15  remedy under section 2255 is "inadequate or ineffective to test the legality of his detention."  28

16  U.S.C. § 2255. Thus, unless Petitioner can demonstrate that his remedy under 28 U.S.C. § 2255 is

17  "inadequate or ineffective to test the validity of his detention" this court lacks jurisdiction to grant

18  Petitioner relief through 28 U.S.C. § 2241.  See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999)

19  (per curiam), cert. denied, 528 U.S. 1178 (2000); Pirro, 104 F.3d at 299.   The Magistrate Judge

20  correctly concluded that Petitioner has failed to show has his remedy under section 2255 is

21  inadequate or ineffective.

22          Petitioner's petition is based on Blakely v. Washington, 124 S.Ct. 2531 (2004) and Apprendi

23  v. New Jersey, 530 U.S. 466, 490 (2000), which found that any fact, other than the fact of a prior

24  conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be

25  submitted to a jury.   Petitioner has failed to show why he was barred from raising an Apprendi

26  claim in his direct appeal or a prior Section 2255 petition.  To the extent Petitioner contends that

27  Section 2255 has been rendered inadequate and ineffective to protect his rights because Blakely was

28

2

1  announced after his direct appeals were resolved, neither Apprendi nor Blakely have been made

2  retroactive to cases on collateral review.  See Rees v. Hill, 286 F.3d 1103, 1104 (9th Cir. 2002).

3          Accordingly, IT IS HEREBY ORDERED that:

4          1. The Report and Recommendation issued February 26, 2007 (Doc. 9), is ADOPTED IN

5          FULL;

6          2. The petition for writ of habeas corpus (Doc. 1), is DISMISSED; and

7          3. The Clerk of Court is DIRECTED to ENTER JUDGMENT for Respondent and close the

8          file.

9          This order terminates the action in its entirety.

10

11  IT IS SO ORDERED.

12  **Dated:    May 17, 2007**              _____ **/s/ Anthony W. Ishii** _____
                                           UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28