1
2
3
4
5
6
7
8
9

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 10 | **RONALD SPARKS,** ) | **1:05-CV-1645 AWI TAG HC** |
| 11 | ) **Petitioner,** ) | **ORDER DENYING CERTIFICATE** |
| 12 | ) **v.** ) | **OF APPEALABILITY** |
| 13 | ) **P. SCHULTZ,** ) | (Document #13) |
| 14 | ) **Respondent.** ) | |
| 15 | _____) | |

16

17      Petitioner, a federal prisoner proceeding pro se, filed a petition for a writ of habeas corpus

18  pursuant to 28 U.S.C. § 2241.   On May 17, 2007, the court adopted the Magistrate Judge's

19  Findings and Recommendations and dismissed the petition because Petitioner had not shown that

20  28 U.S.C. § 2255 was inadequate or ineffective to test the legality of his detention.  On May 25,

21  2007, Petitioner filed a notice of appeal.   Although no express request was made for a certificate

22  of appealability, the notice of appeal is deemed to constitute a request for a certificate.  See Fed.

23  R.App. P. 22(b); United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997).

24      A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district

25  court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v.

26  Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute is 28 U.S.C. § 2253, which

27  provides as follows:

28

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
 (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
 (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
 (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
 (B) the final order in a proceeding under section 2255.
 (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.   Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

In general, a certificate of appealability is not required to appeal an order denying a 28 U.S.C. § 2241 petition where: (1) the detention complained of does not arise out of a process issued by a state court; or (2) it is not a section § 2255 proceeding.   Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir.1997).   However, a successive 28 U.S.C. § 2255 petition disguised as a  28 U.S.C. §  2241 petition requires a certificate of appealability.   Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001).

Here, Petitioner is raising claims that should have been brought in a petition for writ of habeas corpus pursuant to  28 U.S.C. § 2255, and, as such, a certificate of appealability is required to appeal.  The court declines to issue a certificate of appealability in this action. Reasonable jurists would not debate this court's finding that Petitioner had failed to show that his remedy pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to protect Plaintiff's rights.

2

The inability to file a petition pursuant to 28 U.S.C. § 2255 in the sentencing court under the AEDPA does not make section 2255 inadequate or ineffective.  See Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006);  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam).   Petitioner has not shown that he is actually innocent and has not had an "unobstructed procedural shot" at presenting his actual innocence claim. Stephens, 464 F.3d at 898;  Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003) (as amended).

Accordingly, the court DECLINES to issue a certificate of appealability in this action.

IT IS SO ORDERED.

**Dated:    June 18, 2007**                                      **/s/ Anthony W. Ishii**
                                                        UNITED STATES DISTRICT JUDGE

3